UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America )<br>)<br>v. )<br>)<br>Jalise Middleton, *defendant*. ) | USDC No. 21-cr-367-01 (RDM) |

NOTICE
(Potential Conflict)

Undersigned counsel, Nathan I. Silver, Esq, appointed by this Court under the Criminal Justice Act ("counsel"), hereby advises the Court of a potential conflict in continuing his representation of the defendant in this instant case. Counsel notifies the Court so it may take action if it has concerns about counsel's continuing representation.

(1) Counsel learned shortly after his appointment by this Court that his representation of a defendant in another January 6 case may have implications for this one. That case is *United States v. Justin McAllister*, 24-cr-71 (TJK).

(2) In the instant case, defendant Jalise Middleton was tried and convicted of assaulting uniformed police officers who were trying to maintain a barrier separating themselves from protestors. The encounter with police occurred on the west side of the U.S. Capitol. In the instant case, the defendant, along with her husband, the codefendant, became involved in an incident with police. As counsel understands the government's evidence at trial, it was the defendants, not the police, who initiated physical contact, that their resistance or opposition to the police constituted assaults on uniformed officers. The defendants disputed the government's presentation, testifying at trial that the police were the aggressors and that they, the defendants, resisted the officers' unnecessary use of force. The jury found both defendants guilty of, among

other things, assault on a uniformed officer in violation of 18 U.S.C. 111(a)(1). By finding the defendants guilty, the jury apparently concluded the government proved beyond a reasonable doubt that the defendants did *not* act in self-defense during their confrontation with the police.[1]

(3)  In the McAllister case, the government alleges that the defendant used two flagpoles to strike police officers maintaining a barrier at the Capitol.  Mr. McAllister is charged with violations of 18 U.S.C. §111(a) and (b), Assault on a Uniformed Officer while armed with a dangerous or deadly weapon.

(4) Evidence presented in the Affidavit in support of Mr. Mcallister's arrest, along with an open source video provided in pretrial discovery, shows that the person with the flagpoles was present during the encounter between the defendants and the MPD and Capitol Hill Police in the instant case. Evidence in *McAllister* includes still photographs of defendant Jalise Middleton and her husband separated by bike-rack type barriers from the police.[2] The *McAllister* discovery materials include an open source video which shows the person with the flagpoles in a crowd close to the Middleton defendants during their confrontation with the police.

(5) Counsel files this notice because he can envision a situation in which defendant McAllister might have relevant evidence which could constitute "newly discovered evidence" that would support a motion for a new trial under 28 U.S.C. §2255.  It might consist of testimony that defendant McAllister saw the confrontation between the defendants herein and the police, and saw the police using what appeared to him as unnecessary force.  It could conceivably

---

[1] Counsel presumes that the Court so instructed the jury on the presentation of self-defense.

[2] *See* Affidavit in Support of Complaint, *U.S. v. Justin McAllister,* 24-cr-71 (TJK), ECF Doc. 1,  images 2, 3, and 4 pp. 3-4.

include testimony from Mr. McAllister that he interceded, using the flagpoles in an effort to protect the Middleton defendants and to get the police to desist.

 (6) The government in the McAllister case must, of course, prove that the defendant was the man who used the flagpoles to strike the police. If Mr. McAllister were to contend he was mistaken for the person who had the flagpoles, and even present the defense of alibi, putting him elsewhere during the Middletons' encounter, his evidence would be immaterial and unhelpful to the Middletons.

(7) Counsel has advised the defendant of this situation.

(8) It is essential to counsel that his clients in each case have confidence in his commitment to their separate causes. To avoid a problem which counsel could not have anticipated, in which either client, Mrs. Middleton or Mr. McAllister, might doubt that commitment, counsel has chosen to bring this situation to the attention of the Court.[3]

(9) Counsel makes no representations regarding the substance of testimony, if offered and available, of Mr. McAllister.[4] This notice should not be construed as making any representations with respect to such testimony.

(10) Before filing this notice, counsel informed the government, in a phone call to U.S. DOJ attorney Brendan Ballou, of the situation.

(11) Rule 1.7 "Conflict of Interest: General Rule" of the D.C. Bar Rules of Professional Conduct states, "(b) Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter (2) Such representation will be or is likely to be adversely affected

---

[3] Counsel is filing a similar notice with Judge Kelly in the *McAllister* case.

[4] While Mr. McAllister's case is still in a pretrial posture, the defendant retains his 5th Amendment privilege against self-incrimination and may not be compelled to testify in the Middletons' behalf.

by representation of another client…" However, in such a situation, clients may waive the actual or likely conflict: "(c) A lawyer may represent a client with respect to a matter in the circumstances described in paragraph (b) above if (1) Each potentially affected client provides informed consent to such representation after full disclosure of the existence and nature of the possible conflict and the possible adverse consequences of such representation; and (2) The lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client."

(12) Counsel is concerned here with a potential conflict, one that might develop in the course of his representation of either Ms. Middleton or Mr. McAllister. Counsel is not confident that defendant Middleton, who has no previous experience with the criminal justice system and not schooled in the law, would be able to appreciate the legal issues involved and make an informed consent in this delicate situation.

(13) Counsel provides this notice so the Court may take such action as it believes is necessary to assure that the defendant is adequately represented and is prepared to waive an actual or potential conflict if the Court believes one exists.

(14) Counsel does not seek to withdraw and believes he can represent the defendant competently and diligently in this matter..

This pleading is,

                                            Respectfully submitted,

                                            *Nathan I. Silver*
                                            NATHAN I. SILVER, ESQ.
                                            D.C. Bar No. 944314
                                            6300 Orchid Drive, Bethesda, MD 20817
                                            (301) 229-0189/(301) 229-3625 (fax)
                                            (240) 441-1199 (cell)
                                            Email: nisquire@aol.com

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of this Notice has been served via ECF upon assistant U.S. Attorney Sean McCauley, Esq., of the U.S. Attorney's Office for the District of Columbia, and Brendan Ballou, Esq., DOJ-USAO (Antitrust Division), attorneys of record for the government this 18th day of May, 2024.

                                                     _____*Nathan I. Silver*_____